# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CARRIE J. HANSON,<br>      Plaintiffs,<br><br>v.<br><br>TRUST TRANSPORT, LLC and<br>MATTHEW R. BROOKS,<br>      Defendants. | )<br>)<br>)<br>)  CAUSE NO.: 4:19-CV-78-JPK<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants Trust Transport, LLC and Matthew R. Brooks invoked this Court's subject matter jurisdiction via diversity jurisdiction by removing this case to federal court. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Carrie J. Hanson and Defendants must be citizens of different states, and the amount in controversy must be more than $75,000. Defendants have alleged a sufficient amount in controversy. Defendants have also sufficiently alleged the citizenship of Plaintiff and of Defendant Brooks. However, the allegations are insufficient as to the citizenship of Defendant Trust Transport LLC.

The Notice of Removal alleges that "Defendant Trust Transport, LLC is a two-member Iowa limited liability company with both members being citizens of Iowa." (Notice of Removal ¶ 6, ECF No. 1). These allegations are insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Defendant is actually a limited liability company, the Court must be advised of the identity of each of its members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Based on the foregoing, the Court **ORDERS** Defendants to **FILE**, on or before **October 29, 2019**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendant Trust Transport, LLC by advising the Court of the identity and citizenship of each of its members.

So ORDERED this 15th day of October, 2019.

                                              s/ Joshua P. Kolar
                                              MAGISTRATE JUDGE JOSHUA P. KOLAR
                                              UNITED STATES DISTRICT COURT